UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA B. LUMPKINS | CIVIL ACTION |
| VERSUS | NO: 13-6646 |
| OFFICE OF COMMUNITY DEVELOPMENT, ET AL. | SECTION: "C" (1) |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 9)** filed by defendants Louisiana Economic Development, Disaster Recovery Unit, Small Rental Property, Hazard Mitigation Grant Program, Paul D. Rainwater, the former Commissioner of Administration, Matthew Thomey,[1] Ray Rodriguez, Jonathan Shensky,[2] and Kristie Jones[3] (collectively "the State Defendants"); **Motion to Dismiss (Rec. Doc. 16)** filed by the City of New Orleans ("the City"); **Motion for Leave to File Amended and Supplemental Petition/Response to Court's Order (Rec. Doc. 14)** and **Motion for Leave to File Opposition to Defendant's Rule 12 Motion to Dismiss Filed by Office of Community Development (Rec. Doc. 19)** filed by *pro se* plaintiff Barbara Lumpkins; **Motion to Strike (Rec. Doc. 21)** filed by the State Defendants. The motions are before the Court on the briefs without oral argument.

I.  BACKGROUND

Plaintiff Barbara Lumpkins filed this action *pro se* alleging that the defendants engaged in "a concerted scheme" to defraud her in connection with her participation in the

---

[1] This defendant's last name is spelled "Tomey" in the Court's record.

[2] This defendant's last name is spelled "Sensky" in the Court's record.

[3] According to Defendants, incorrectly identified as "Crystal Jones" in Plaintiff's Complaint.

Small Rental Property and Hazardous Mitigation Grant Programs. Plaintiff asserts claims under federal and state law and she seeks to recover a panoply of damages from the defendants.

The following factual allegations, which are accepted as true, are taken from Plaintiff's complaint. Plaintiff owned three properties (residential and rental) in New Orleans that sustained damage when Hurricane Katrina struck: Urville, N. Rampart, and Tulsa Streets. (Rec. Doc. 1; Comp. at 1 ¶2). Plaintiff applied for disaster assistance funds through the State of Louisiana's Small Rental Property and Hazard Mitigation Grant programs. (*Id.* at 2 ¶3). Plaintiff was awarded $210,000 for the Urville property, $116,000 for the N. Rampart property, and $190,000 for the Tulsa Street property. (*Id.* at 2 ¶6). Of those awarded amounts Plaintiff received $150,000, $94,000, and $66,000. (*Id.*).

Plaintiff contracted with JCJ Industries, Inc. to perform new construction, demolition, and elevation work on her properties. (*Id.*). A power of attorney was provided to JCJ Industries to act on Plaintiff's behalf in performing the work on the properties.[4] (*Id.* at 3 ¶7). The proceeds from the programs were turned over to JCJ Industries via its president James A. Littles by the granting authorities. (*Id.*).

Plaintiff chose JCJ Industries in lieu of using the Shaw Group because JCJ was a state-licensed contractor eligible to participate in the grant programs. (Rec. Doc. 1; Comp. at 5 ¶¶8-9). According to Plaintiff, JCJ Industries and Littles defrauded her of the entirety of the grant proceeds which has resulted in the State of Louisiana assigning culpability for a theft to her and demanding that she repay the money. (Rec. Doc. 1; Comp. at 3 ¶9). Moreover, the State has refused to replace the "defrauded" funds or to give Plaintiff the remainder of her awards.

---

[4]Notwithstanding the factual minutia contained elsewhere in the complaint, Plaintiff does not mention who executed the power attorney to authorize JCJ Industries to receive funds on her behalf or to act on her behalf. Given that Plaintiff is the one who selected JCJ Industries to perform the work on her properties, the Court assumes that she executed the power of attorney.

(*Id.* at 3 ¶10).

The crux of Plaintiff's claim against the State Defendants is that they are liable for failing to properly screen and investigate JCJ Industries, which turned out to be a non-licensed company. (Rec. Doc. 1; Comp. at 6 ¶¶12, 16). Plaintiff asserts that the State Defendants concocted a scheme to blame Plaintiff for their own negligence and culpability in awarding her grant funds to a non-licensed and fraudulent entity. (*Id.* at 7 ¶20).

Plaintiff has also joined the City of New Orleans as a defendant although the City was not involved in the disbursement of grant funds. Plaintiff has sued the City because it issued permits to JCJ Industries without properly screening the company, assessed erroneous liens against her property, and failed to monitor JCJ Industries' substandard work. (*Id.* at 8 ¶ 26).

Plaintiff filed the instant complaint *pro se* and in forma pauperis on December 16, 2013. No trial date is set at this time. Via the instant motions the moving defendants seek to dismiss Plaintiff's complaint in its entirety pursuant to Rule 12(b)(6). Their specific arguments are discussed below.

## II. DISCUSSION

### *A. Subject Matter Jurisdiction*

Before the Court can entertain Defendants' challenges under Rule 12(b)(6), the Court must confirm that it has subject matter jurisdiction over this action. A Rule 12(b)(6) dismissal is one on the merits and with prejudice. *See Cox, Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013) (unpublished). Therefore, a federal court must have subject matter jurisdiction over an action before it can dispose of any claims under Rule 12(b)(6).

Plaintiff alleges original subject matter jurisdiction under 28 U.S.C. § 1331, which is federal question jurisdiction, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff has brought claims under 42 U.S.C. § 1983, and regardless of their merit, they are not

so "wholly insubstantial or frivolous" so as to fail to provide a basis for original federal question jurisdiction.[5] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Therefore, original jurisdiction for the federal claims is present under 28 U.S.C. § 1331.[6]

Regarding the state law claims, diversity jurisdiction is not alleged. Plaintiff is domiciled in Georgia but the citizenship of the individual defendants is not stated in the complaint, and the Court cannot base subject matter jurisdiction on the negative inference that the defendants are probably not Georgia citizens. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.f2d 1254 (5th Cir. 1989) (recognizing that subject matter cannot be established by inference). Plaintiff therefore correctly invoked the supplemental jurisdiction statute, 28 U.S.C. § 1367, for her state law claims. But § 1367(c)(3) gives the Court discretion to decline to exercise supplemental jurisdiction over the state law claims if it dismisses all of the claims over which it had original jurisdiction. Given that this case is in its earliest stages, the Court will decline to exercise supplemental jurisdiction over the state law claims if all of the federal claims that trigger original jurisdiction fail. Therefore, regardless of the various arguments

---

[5] The State Defendants contend that Plaintiff's federal claims are so legally frivolous as to fail to provide a basis for federal jurisdiction. (Rec. Doc. 9-2; State Defendants' Memo at 21). The Court recognizes that reasonable minds could differ as to whether Plaintiff's attempt to characterize her dispute with the State Defendants as a violation of her federal rights amounts to a legally frivolous claim.
    Plaintiff also listed 28 U.S.C. § 1343 as a jurisdictional basis but invocation of this civil rights statute is superfluous in light of the applicability of 28 U.S.C. § 1331.

[6] Section 1331, entitled Federal Question, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (2006).
    The Court is persuaded that the fact that the state entities at issue receive and award federal funds does not alone suggest that Plaintiff's claims arise under federal law for purposes of jurisdiction under 28 U.S.C. § 1331. *See Highland Hills Hosp. v. State, Dept. of Health & Hosp.*, 926 F. Supp. 83, 86 n.12 (M.D. La.1996) (citing *City of New Orleans v. A Portion of Square 205*, 866 F. Supp. 969, 973 (E.D. La. 1994);*Gingerich v. White Pigeon Comm. Schs.*, 736 F. Supp. 147, 150 (W.D. Mich. 1990);*Banco de Ponce v. Hinsdale Supermkt. Corp.*, 663 F. Supp. 813, 819 (E.D.N.Y.1987)).

raised in the motions to dismiss, the Court will focus its attention on the viability of the federal claims.

### B. Rule 12(b)(6) Standards

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

### C. The State Defendants' Motion to Dismiss[7]

---

[7] The Court will only address those arguments that are properly raised via a motion to dismiss. The State Defendants raise numerous arguments in their motion to dismiss many of which are not cognizable in the context of a Rule 12(b)(6) motion to dismiss. The most glaring example is the State Defendants' arguments about Plaintiff's own allegedly culpable conduct

In order to recover under 42 U.S.C. § 1983, a plaintiff must establish 1) that she was deprived of a federally protected right, and 2) that the deprivation occurred under color of state law. *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996) (citing *Flagg Bros., Inc. v. Brooks*, 436 149, 155 (1978)). A federal right is crucial to the claim because violations of state law are not cognizable under § 1983 even when committed by state actors. *See Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982) (citing *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980)). For purposes of § 1983 the state and the arms of the state are not "persons," so those entities and their officials acting in their official capacities cannot be sued under the statute.[8] *Adams v. Recov. Sch. Dist.*, 463 Fed. Appx. 297, 298 n.5 (5th Cir. 2012) (unpublished) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989)).

The Office of Community Development/Louisiana Economic Development & Disaster Recovery Unit, and the Small Rental Property and Hazard Mitigation Program are

---

regarding the events at issue. (Rec. Doc. 9-2; State Defendants' Memo at 9, 22). The Court cannot grant a motion to dismiss simply because the movant makes a persuasive argument impugning the merits of the plaintiff's claim. See *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). Moreover, none of the State Defendants' exhibits are part of the complaint in this case and therefore fall "outside the pleadings" and cannot be considered by the Court in evaluating a motion to dismiss. *See Brand Coupon Network, LLC v. Catalina Market. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Consequently, the Court cannot consider the arguments regarding prescription and right of action because they rely upon those exhibits for evidentiary support.

[8] Section 1983, entitled Civil Action for Deprivation of Rights, states:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.A. § 1983 (2012) (emphasis added).

departments and agencies of the State of Louisiana. These defendants are not amenable to suit under § 1983 because they do not qualify as "persons." Moreover, to the extent that Plaintiff has attempted to plead any other claim against these entities under federal law, they are immune from suit in federal court pursuant to the Eleventh Amendment.[9] *See Oliver v. Univ. of Tex. Sys.*, 988 F.2d 1209 (5th Cir. 1993) (unpublished) (citing *United Carolina Bank v. Bd. of Regents of Stephen F. Austin Univ.*, 665 F.2d 553 (5th Cir. 1982); *Clay v. Tex. Women's Univ.*, 728 F.2d 714 (5th Cir. 1984)). The motion to dismiss is therefore GRANTED as to any federal claims against these defendants.

The remainder of the State Defendants are individuals. The motion to dismiss is GRANTED as to any claims against these individuals in their *official* capacities.[10] But contrary to the State Defendants' assertion, these individual state employees are not being sued solely in their official capacities.[11] (Rec. Doc. 1; Comp. at 5 ¶3). Rather, Plaintiff also has sued the individual State Defendants in their personal capacities and the law is clear in that the Eleventh Amendment presents no bar to suing state officials in their personal capacities. *Hays*

---

[9] As the district judge explained in *Blanchard v. Newton*, 865 F. Supp. 2d 709, 716 (M.D. La. 2012), the state does not waive any immunities simply by accepting federal funds for disbursement.

[10] An official capacity suit is generally only another way of pleading a claim against the entity of which the officer-defendants is an agent. *Kentucy v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55)). Thus, the claims against the individual State Defendants in their official capacities will be subject to the same defenses and immunities as the State entities being sued. *See id.* at 166-67.

[11] The State Defendants suggest that when the conduct at issue is taken in the course and scope of employment then the claims are official capacity claims. (Rec. Doc. 9-2; Memo at 24). This is of course legally incorrect under § 1983 because by definition a personal-capacity suit seeks to impose personal liability upon a government official for actions he takes under color of state law. *Graham*, 473 U.S. at 165. Moreover, the State is not the real party in interest with respect to all aspects of the personal capacity claims brought against the individual defendants. The State Defendants read Plaintiff's complaint far too narrowly when they suggest that she is merely seeking the grant funds to which she claims entitlement. (*Id.*). Plaintiff also seeks consequential damages that she claims to have sustained as a result of the funding problem and these damages are in addition to the grant funds.

*County Guardian v. Supple*, 969 F.2d 111, 125 (5th Cir. 1992) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974); *Spruytte v. Walters*, 753 F.2d 498, 512-13 (6th Cir. 1985)).

In this case, it is beyond dispute that the "color of state law" or state action prong of a § 1983 claim is satisfied because all of the State Defendants are state actors. The issue then is whether Plaintiff has alleged the deprivation of a federally protected right. In conducting this inquiry the Court's analysis is guided by the principle that *pro se* pleadings must be given the benefit of liberal construction. *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th Cir. 1991). On the other hand, *pro se* litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Christian Leader. Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

The Court surmises from Plaintiff's citation to the Fourteenth Amendment as a jurisdictional basis for her complaint (Rec. Doc. 1; Comp. at 3), and her allegation that she has been "denied and deprived of her property" in violation of her rights (*id.* at 8 ¶31), that the specific "federally protected right" that she relies upon for her § 1983 claim is due process. In a § 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment. *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995) (citing *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991)). Assuming that a protected property interest does exist, due process claims will typically fit into one of three categories. First, because the Due Process Clause incorporates many of the specific protections defined in the Bill of Rights, a plaintiff may bring suit under § 1983 to redress a violation of rights such as those guaranteed by the First Amendment or the Fourth Amendment. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Second, the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful

government actions "regardless of the fairness of the procedures used to implement them." *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Finally, the Due Process Clause encompasses a guarantee of fair procedure. *Id.* In procedural due process claims, the deprivation by state action of a constitutionally protected property interest is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Carey v. Piphus*, 435 U.S. 247, 259 (1978)).

The Court will assume without deciding that Plaintiff has a protected property interest in the funds that she has already been awarded. The Court will further assume that the type of due process claim that Plaintiff seeks to pursue is of the second type, substantive due process, because the conduct that forms the basis of the complaint does not suggest any other type of due process claim. Plaintiff's substantive due process claim fails for several reasons.

First, to the extent that Plaintiff seeks to have the State replace the funds that JCJ Industries allegedly misappropriated, or to issue the remainder of the awarded funds that the State is holding, those damage claims are barred by the Eleventh Amendment because the State is the real party in interest. *See Edelman v. Jordan*, 415 U.S. 651 (1974); *Henley v. Simpson*, 527 Fed. Appx. 303 (5th Cir. 2013) (unpublished); *Warncock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).

Second, to the extent that Plaintiff seeks to recover consequential damages from the individual defendants, she fails to allege specific conduct on the part of any individual defendant that constitutes a violation of her substantive due process rights. The cornerstone of personal capacity liability under § 1983 is accountability for one's own personal conduct, not the conduct of subordinates, coworkers, or others. *See James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008). The facts alleged as to each of the individual defendants must establish a

9

causal connection between the defendant's own specific unconstitutional conduct and the deprivation being claimed. *Id.* (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)).

In this case, the facts alleged as to the individual defendants fail as a matter of law to state a claim for a violation of any federal right, including a violation of due process. To the extent that Plaintiff relies upon a conspiracy theory to try to overcome the factual deficiencies regarding individual conduct, the complaint fails to allege any facts so as to make that claim a plausible one under *Iqbal* and *Twombly*, *supra*.

Finally, even if Plaintiff has stated a claim for a due process violation, the Court is persuaded that the individual defendants would be entitled to qualified immunity because no reasonable employee of the State would have understood that his or her conduct was unlawful "in the situation confronted." *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013) (quoting *Jones v. Lowndes Cnty.*, 678 F.3d 344, 351 (5th Cir. 2012)).

In sum, the State Defendants' motion to dismiss the federal claims against them is GRANTED. Plaintiff's *federal* claims against the State Defendants will be DISMISSED WITH PREJUDICE. The state law claims are DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. § 1367(c)(3). The State Defendants' motion to strike will be DENIED AS MOOT.

### D. The City's Motion to Dismiss

Plaintiff's complaints against the City of New Orleans, *e.g.*, that the City issued permits to her contractor and put erroneous liens on her property, have no basis in federal law whatsoever. If the complaints are actionable then they arise under state law. All claims against the City of New Orleans will therefore be DISMISSED WITHOUT PREJUDICE and the City's motion to dismiss will be DENIED AS MOOT.

### D.     Plaintiff's Motions

Judging from its title and content, Plaintiff apparently filed her Motion for Leave to File

Amended and Supplemental Petition/Response to Court's Order in response to the Show Cause Order issued on March 20, 2014, which was triggered by Plaintiff's failure to effect service on all defendants. (Rec. Doc. 5). The service issue is now moot.

The Court recognizes that a *pro se* litigant generally should be offered an opportunity to amend her complaint before it is dismissed for Rule 12(6)(b) deficiencies. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). But leave to amend is not required where the plaintiff has already pleaded her "best case." *Id.* at 768 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). In this case the Court is persuaded that Plaintiff has pleaded her best case because an amendment could not cure the problems from which her due process claims suffer.

Plaintiff's Motion for Leave to File Opposition to Defendant's Rule 12 Motion to Dismiss Filed by Office of Community Development is somewhat perplexing because it was filed over three months ago yet Plaintiff never filed her opposition memoranda. Nonetheless, in compliance with the law of this circuit, the Court did not penalize Plaintiff for failing to formally oppose the State Defendants' motion to dismiss, but rather considered the merits of Plaintiff's complaint. *Webb v. Morella*, 457 Fed. Appx. 448, 452 n.4 (5th Cir. 2012) (unpublished).

Plaintiff's motions will be DENIED AS MOOT.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 9)** filed by defendants Louisiana Economic Development, Disaster Recovery Unit, Small Rental Property, Hazard Mitigation Grant Program, Paul D. Rainwater, the former Commissioner of Administration, Matthew Thomey, Ray Rodriguez, Jonathan Shensky, and Kristie Jones[12] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as all federal claims against these defendants are **DISMISSED WITH PREJUDICE**. All state law claims are

---

[12] Incorrectly identified as "Crystal Jones" in Plaintiff's Complaint.

**DISMISSED WITHOUT PREJUDICE**. The motion is **DENIED** in all other respects;

**IT IS FURTHER ORDERED** that all claims against the City of New Orleans are **DISMISSED WITHOUT PREJUDICE** and the City's **Motion to Dismiss (Rec. Doc. 16)** is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the **Motion to Strike (Rec. Doc. 21)** filed by filed by defendants Louisiana Economic Development, Disaster Recovery Unit, Small Rental Property, Hazard Mitigation Grant Program, Paul D. Rainwater, the former Commissioner of Administration, Matthew Thomey, Ray Rodriguez, Jonathan Shensky, and Kristie Jones is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Amended and Supplemental Petition/Response to Court's Order (Rec. Doc. 14)** and **Motion for Leave to File Opposition to Defendant's Rule 12 Motion to Dismiss Filed by Office of Community Development (Rec. Doc. 19)** filed by *pro se* plaintiff Barbara Lumpkins are **DENIED AS MOOT**.

New Orleans, Louisiana, this 24th day of September, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE